IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHERYL M. HOLMES, Individually and
On Behalf of All Others Similarly Situated,

      Plaintiff,

vs.

      Case No. 1:19-cv-00387-JHR-SCY

FARMERS GROUP, INC., FARMERS
INSURANCE EXCHANGE, FARMERS
INSURANCE COMPANY, INC.,
FARMERS INSURANCE OF ARIZONA
and MID-CENTURY INSURANCE
COMPANY

      Defendants.

## ANSWER TO CLASS ACTION COMPLAINT

COME NOW Defendants Farmers Group, Inc. ("FGI"), Farmers Insurance Exchange ("FIE"), Farmers Insurance Company of Arizona ("FICA"), incorrectly sued herein as Farmers Insurance of Arizona, and Mid-Century Insurance Company ("Mid-Century") (collectively, "Defendants"),[1] and for their Answer to Plaintiff's Class Action Complaint (Dkt. No. 1-4, at pp. 3–60) ("Complaint"), respond as follows:

## INTRODUCTION[2]

1. Defendants admit that Plaintiff brings this action on her own behalf and that she seeks to represent a putative class, but deny that Plaintiff or other policyholders were not compensated pursuant to the terms of their insurance policies and deny that the case is suitable for

---

[1] Farmers Insurance Company, Inc. ("FICO") was previously named as a defendant but Plaintiff dismissed her claims against FICO. *See* Stipulation to Dismiss Plaintiff's Claims Against Defendant Farmers Insurance Company, Inc. Without Prejudice (Dkt. No. 13).

[2] The use of headings from the Complaint is for organizational purposes only and is without any admission as to the truth of any assertions that may be inferred from those headings.

class treatment. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders. Defendants deny the remaining allegations in ¶ 1.

2. Defendants admit that, at various times during the relevant limitations periods, FICA and Mid-Century offered New Mexico policyholders an additional "loss of use" coverage by endorsement, which Plaintiff describes as "K Coverage." The terms of the coverage are described in the applicable endorsements and/or policies, which speak for themselves, and Defendants deny the remaining allegations in ¶ 2 to the extent they seek to add to, modify or contradict the same. Defendants deny that FGI sold insurance policies in New Mexico and therefore deny FGI sold a "loss of use" endorsement. Defendants deny the remaining allegations in ¶ 2.

3. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny the remaining allegations in ¶ 3.

4. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage or pays benefits to policyholders. Defendants deny the remaining allegations in ¶ 4.

5. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with "loss of use" coverage. Defendants deny the remaining allegations in ¶ 5.

6. Defendants admit that Plaintiff is asserting claims for breach of contract, violation of the New Mexico Unfair Practices Act ("UPA"), New Mexico Insurance Code Trade Practices and Frauds Act ("TPFA"), unjust enrichment, injunctive relief and declaratory judgment, and that she seeks to represent a putative class, but deny that Plaintiff or the proposed putative class members are entitled to any of the relief they seek, and further deny that the case is suitable for class treatment. Defendants deny the remaining allegation in ¶ 6.

## THE PARTIES

7. Upon information and belief, Defendants admit that Plaintiff Cheryl Holmes ("Plaintiff") is a New Mexico resident but lack information or knowledge sufficient to form a belief about the truth of the remaining allegations concerning Plaintiff's residency contained in ¶ 7 and therefore deny same. Defendants admit that Plaintiff, during the relevant time period, had an automobile insurance policy with FICA which insured a 2009 BMW. Upon information and belief, Defendants admit that Plaintiff was formerly known as Cheryl M. Garcia. Defendants admit that Plaintiff paid an additional premium for "loss of use" coverage by endorsement on the 2009 BMW during the policy period ending on June 8, 2015. Defendants deny that FGI issues insurance policies and therefore deny that Plaintiff had an automobile insurance policy with FGI. Defendants deny the remaining allegations in ¶ 7.

8. Defendants admit the allegations in ¶ 8.

9. Defendants admit the allegations in ¶ 9.

10. The allegations in ¶ 10 are directed to FICO which is no longer a defendant and no further response is required. To the extent any response is required, Defendants admit that FICO is organized under the laws of Kansas, and is owned by FIE and Fire Insurance Exchange ("Fire"), each of which is in turn owned by its policyholders. Defendants deny the remaining allegations in ¶ 10.

11. Defendants admit that FGI owns the federally registered service mark "Farmers Insurance Group of Companies," but otherwise deny the allegations in ¶11.

12. Defendants admit that FICA offers one or more insurance products in Arizona and New Mexico. Defendants deny the remaining allegations in ¶ 12.

13. Defendants admit that Mid-Century has offered one or more insurance products in New Mexico at various times during the relevant limitations periods, and that it maintains its

principal place of business at 6301 Owensmouth Ave., Woodland Hills, California 91367. Defendants otherwise deny the allegations in ¶ 13.

14. Defendants admit that FIE, Fire, and Truck Insurance Exchange ("Truck") are part of an insurance holding company system. Defendants admit that, as attorney-in-fact for FIE, FGI is responsible for providing or procuring non-claims related services for and on behalf of FIE. Defendants admit that FGI receives a management fee for the services it provides. Defendants otherwise deny the allegations in ¶ 14.

15. Defendants admit that FIE, Fire, and/or Truck, directly or through their subsidiaries and/or affiliates, offer one or more insurance products in 41 states. Defendants otherwise deny the allegations in ¶ 15.

16. The allegations in ¶ 16 are directed to FICO, which is no longer a defendant and no further response is required. To the extent any response is required, Defendants admit that FICO offers and sells automobile policies in California, Iowa, Kansas, Missouri, and Oklahoma, but denies the remaining allegation in the first sentence of ¶ 16. Defendants admit that FIE and FICO are parties to a service agreement whereby FICO provides claims handling and support services for FIE at FICO's Kansas and Oklahoma facilities, and a separate agreement under which FIE provides claims adjustment and other administrative services to FICO as are necessary and appropriate for FICO to discharge its obligations to its policyholders, shareholders, and regulators. Defendants otherwise deny the allegations in the second sentence of ¶ 16.

17. Defendants admit that FGI is the attorney-in-fact for FIE, and that FIE provided claims adjustment services to FICA and Mid-Century, but otherwise deny the remaining allegations in ¶17.

## JURISDICTION AND VENUE

18. Upon information and belief, Defendants admit that Plaintiff is a citizen of the State of New Mexico but lack information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in the first sentence of ¶ 18 and therefore deny same. Defendants admit that FIE, FICA, and Mid-Century are insurance companies authorized to do business in the State of New Mexico, and that FIE, FICA and Mid-Century marketed, sold and issued automobile insurance policies in the State of New Mexico. Defendants deny that FGI is an insurance company. Defendants further deny the remaining allegations in the second sentence of ¶ 18.

19. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations contained in the first sentence of ¶ 19 and therefore deny same. Defendants deny the allegations in the second sentence of ¶ 19.

20. The allegations set forth in ¶ 20 are legal conclusions for which no response is required. To the extent any response is required, Defendants admit the U.S. District Court of New Mexico has jurisdiction under the Class Action Fairness Act, admit the U.S. District Court of New Mexico has jurisdiction over the remaining parties and the subject matter of this action, and that venue is proper. Defendants deny the remaining allegations in ¶ 20.

## COMMON FACTUAL ALLEGATIONS

**A.   An Overview of Farmers' K Coverage**

21. Defendants admit that, in New Mexico, FICA and Mid-Century have offered and sold private passenger automobile insurance with various coverage options, including "loss of use" endorsements which Plaintiff refers to as "K Coverage," at various times during the relevant limitations periods. The terms of the coverage are described in the applicable endorsement(s) and/or policy, which speak for themselves, and Defendants deny the allegations in ¶ 21 to the

5

extent they seek to add to, modify or contradict the same. Defendants deny that FGI issues insurance policies and therefore deny that FGI offers coverage options, including K Coverage. Defendants deny the remaining allegations in ¶ 21.

22. Defendants admit that FICA's and Mid-Century's "loss of use" endorsements were sold in exchange for an additional premium, and admit that their J6279 and J6960 endorsements provided for "loss of use" coverage, but deny the remaining allegations in ¶ 22.

23. The terms of FICA's and Mid-Century's "loss of use" endorsements and/or applicable policies speak for themselves, and Defendants deny the allegations in ¶ 23 to the extent they seek to add to, modify or contradict the same. Defendants deny that FGI issues insurance policies and therefore deny that FGI pays a cash benefit associated with "loss of use" coverage. Defendants deny the remaining allegations in ¶ 23.

24. The terms of FICA's and Mid-Century's "loss of use" endorsements and/or applicable policies speak for themselves, and Defendants deny the allegations in ¶ 24 to the extent they seek to add to, modify or contradict the same. Defendants deny that FGI issues insurance policies and therefore deny that FGI pays a cash benefit associated with "loss of use" coverage. Defendants deny the remaining allegations in ¶ 24.

25. The terms of FICA's and Mid-Century's "loss of use" endorsements and/or applicable policies speak for themselves, and Defendants deny the allegations in ¶ 25 to the extent they seek to add to, modify or contradict the same. Defendants otherwise deny the allegations in ¶ 25.

**B.   Farmers Fails to (i) Properly Evaluate Claims, (ii) Acknowledge that a Benefit Is Owed, and (iii) Compensate Policyholders Pursuant to K Coverage**

26. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders. Defendants deny the remaining allegations in ¶ 26.

27. Upon information and belief, Defendants admit that Plaintiff's 2009 BMW, insured under FICA policy number 19442-75-03, was involved in a collision on or about February 2, 2015. Defendants lack information or knowledge sufficient to form a belief about the truth of the remaining allegations in the first sentence of ¶ 27 and therefore deny same. Defendants admit that Plaintiff notified her insurer after this loss and requested that her insurer open a claim, but otherwise deny the allegations in the second sentence of ¶ 27.

28. Defendants admit that a "loss of use" endorsement was applicable to Plaintiff's 2009 BMW. The terms of FICA's "loss of use" endorsements and/or applicable policies speak for themselves, and Defendants deny the allegations in ¶ 28 to the extent they seek to add to, modify or contradict the same. Defendants otherwise deny the allegations in ¶ 28.

29. Defendants deny the allegations in ¶ 29.

30. Defendants deny the allegations in the first sentence of ¶ 30. Defendants admit that Plaintiff's policy contained Endorsement NM021, Uninsured Motorist Coverage C – UM Coverage and that FICA issued a $15,000 check to Plaintiff's counsel Jared M. Barliant & Associates, P.C. Defendants otherwise deny the allegations in the second sentence of ¶ 30.

31. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny the remaining allegations in ¶ 31.

## CLASS ALLEGATIONS

32. Defendants admit that Plaintiff purports to bring this action individually and also seeks to represent a putative class, but deny the case is suitable for class treatment and therefore deny the remaining allegations in ¶ 32.

33. Defendants admit that the putative class set forth in ¶ 33 is the class Plaintiff seeks to represent but deny this case is suitable for class treatment. To the extent a further response is required, Defendants deny the allegations in ¶ 33.

34. Defendants state that the allegations in ¶ 34 contain legal conclusions for which no response is required. To the extent any response is required, Defendants deny the allegations in ¶ 34.

35. Defendants admit that Plaintiff seeks to exclude those persons identified in ¶ 35 from the class Plaintiff seeks to represent, but deny that this case is suitable for class treatment. To the extent a further response is required, Defendants deny the allegations in ¶ 35.

36. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in the first sentence of ¶ 36 and therefore deny same. Defendants admit that FICA's New Mexico policyholders can be identified but denies that class membership can be readily determined. Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 36 and therefore deny same.

37. The allegations set forth in ¶ 37 contain legal conclusions for which no response is required. To the extent a response is required, FGI denies that Holmes had an automobile insurance contract with it because it does not issue insurance policies. Defendants deny the remaining allegations in ¶ 37.

38. Defendants deny that purported common questions of law or fact predominate over questions affecting only individual putative class members and therefore deny the allegations in ¶ 38.

39. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny that the allegations in ¶ 39 are disputed common questions as contemplated by Federal Rule of Civil Procedure 23 and therefore deny the remaining allegations in ¶ 39 and subparts (a) through (h) therein.

40. Defendants deny that the allegations in ¶ 40 are disputed common questions as contemplated by Federal Rule of Civil Procedure 23 and therefore deny the allegations in ¶ 40 and subparts (a) though (c) therein.

41. The allegations set forth in the first sentence of ¶ 41 contain legal conclusions for which no response is required. Defendants deny that Plaintiff has suffered the harm alleged, or any harm whatsoever for which relief may be granted. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants lack information or knowledge to form a belief about the truth of the remaining allegations in ¶ 41 and therefore deny same.

42. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in ¶ 42, and therefore deny same.

43. The allegations set forth in ¶ 43 contain legal conclusions for which no response is required. To the extent any response is required, Defendants deny the allegations in ¶ 43.

44. Defendants deny the allegations in ¶ 44.

45. The allegations set forth in ¶ 45 contain legal conclusions for which no response is required. To the extent any response is required, Defendants deny the allegations in ¶ 45.

### FIRST CLAIM FOR RELIEF
### Breach of Contract

46. Defendants hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

47. Plaintiff admits that FICA and Mid-Century had insurance agreements with members of the putative class and that some of those policyholders, including Plaintiff, purchased an optional "loss of use" endorsement for the vehicle involved in his or her loss. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny the remaining allegations in ¶ 47.

48. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in the first sentence of ¶ 48 and therefore deny same. Defendants admit that Plaintiff notified her insurer of a loss to her insured vehicle and pursued claims under certain coverages available under her policy, but otherwise deny the allegations in ¶ 48.

49. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny the remaining allegations in ¶ 49.

50. Defendants deny the allegations in ¶ 50.

## SECOND CLAIM FOR RELIEF
### Violations of the New Mexico Unfair Trade Practices Act
### N.M.S.A. 1978, §§ 57–12–1, *et seq.*

51. Defendants hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

52. The allegations set forth in ¶ 52 contain legal conclusions for which no response is required.

53. The allegations set forth in ¶ 53 contain legal conclusions for which no response is required.

54. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny the remaining allegations in ¶ 54.

55. Defendants deny the allegations in ¶ 55.

56. Defendants deny the allegations in ¶ 56.

57. Defendants deny the allegations in ¶ 57.

## THIRD CLAIM FOR RELIEF
### Violations of the New Mexico Insurance Code Trade Practices and Frauds Act
### N.M.S.A. 1978, §§ 59A–16–1, *et seq.*

58. Defendants hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

59. The allegations set forth in ¶ 59 contain legal conclusions for which no response is required.

60. The allegations set forth in ¶ 60 contain legal conclusions for which no response is required.

61. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny the remaining allegations in ¶ 61.

62. Defendants deny the allegations in ¶ 62.

63. Defendants deny the allegations in ¶ 63.

64. Defendants deny the allegations in ¶ 64.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

65. Defendants hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

66. Defendants admit that Plaintiff, individually and on behalf of the putative class she seeks to represent, asserts a claim for unjust enrichment in ¶ 66, but Defendants deny that Plaintiff and the putative class are entitled to the relief they seek.

67. Defendants admit that FICA and Mid-Century collected an additional premium from their policyholders for the purchase of an optional "loss of use" endorsement. Defendants deny that FGI issues insurance policies and therefore deny that FGI has policyholders with K Coverage. Defendants deny the remaining allegations in ¶ 67.

68. Defendants deny that FGI issues insurance policies and therefore deny that FGI has insureds with K Coverage. Defendants deny the remaining allegations in ¶ 68.

69. Defendants deny the allegations in ¶ 69.

70. Defendants deny the allegations in ¶ 70.

## PRAYER FOR RELIEF

Defendants admit Plaintiff is seeking the remedies set forth under the heading "Prayer for Relief," but deny Plaintiff is entitled to the relief requested in ¶¶ 1–8 following such heading, or any relief whatsoever.

## JURY DEMAND

No response is required to Plaintiff's and the putative class's jury demand. To the extent a response is required, Defendants deny.

## ALL NOT ADMITTED ARE DENIED

All averments or paragraphs in Plaintiff's Complaint that are not specifically admitted are hereby denied.

## ADDITIONAL DEFENSES

1. Without assuming any burden of proof that falls on Plaintiff and the proposed putative class members, Defendants plead the following additional defenses. Such defenses do not constitute an admission of liability or that Plaintiff and the proposed putative class members are entitled to any relief whatsoever. Defendants reserve the right to amend their answer to add additional defenses consistent with the facts discovered in the case and/or to the extent Plaintiff amends or clarifies any of her allegations.

2. Plaintiff and the proposed putative class members are not entitled to recover against Defendants because Plaintiff has failed to state claims upon which relief can be granted.

3. Plaintiff's claim is barred by the defense of release as a result of the previous compromise of her claim in writing under FICA policy number 19442-75-03, Claim No. 3002688470. To the extent Plaintiff seeks to assert claims on behalf of policyholders who previously released and/or otherwise compromised their claims against Defendants, those claims are barred by release as well.

4. Based in part on the individual inquires that would be required to determine FICA's and Mid-Century's alleged liability under the terms of their insurance policies, Defendants deny that this case may be properly maintained as a class action on behalf of the putative class alleged in the Complaint.

5. Plaintiff's claims are not typical of the putative class because prior to filing this action, Plaintiff neither pursued a claim for loss of use benefits with FICA nor advised FICA that her vehicle had been in a garage for repairs for 17 days, though she was free to do so. Such determinations can only be made, if at all, by manual review of the claim files at issue. The necessary determination of individual issues to adjudicate Plaintiff's and each putative class members' claims will predominate over any common questions of law or fact.

6. In the event Plaintiff seeks to adjudicate her claims through the submission of generalized class-wide proof, including but not limited to the use of statistical damage formulas or averaging, Defendants' rights to a jury trial and due process would be violated. Defendants are entitled to litigate the individual facts of, and the individual determinations necessitated by, each putative class member's claims and Defendants' defenses to such claims.

7. In the event a class is certified, Defendants are entitled to have any recovery by Plaintiff and/or the putative class members offset, set off, or recouped by any amounts owed to Defendants by Plaintiff and/or any members of such putative class.

8. The declaratory and injunctive relief sought by Plaintiff and the proposed putative class members is barred because Plaintiff and the proposed putative class members have an adequate remedy at law and the requested declaratory relief duplicates the relief sought by Plaintiff and the proposed putative class members' claims for breach of contract, unjust enrichment, and claims for violation of the UPA and TPFA.

9. Defendants assert that the New Mexico statute of limitations, N.M.S.A. 1978, § 37-1-3, bars the claims of putative class members whose claims for breach of contract arose more than six years prior to the filing of this lawsuit. Defendants further assert that the New Mexico statute of limitations, N.M.S.A. 1978, § 37-1-4, bars the claims of putative class members whose claims for violations of the UPA, violations of the TPFA, and unjust enrichment arose more than four years prior to the filing of this lawsuit.

10. The relief sought by Plaintiff and the proposed putative class members is barred in whole or in part to the extent Plaintiff and/or the putative class members failed to initiate and/or exhaust available contractual remedies.

11. The relief sought by Plaintiff on behalf of herself and the proposed putative class members is barred in whole or in part by the doctrines of waiver and estoppel because Plaintiff previously compromised her claim under FICA policy number 19442-75-03.

12. Plaintiff and the proposed putative class members are not entitled to recover on their breach of contract claims to the extent Plaintiff and/or any member of the proposed putative class breached the insurance contract(s) at issue.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered, Defendants Farmers Group, Inc., Farmers Insurance Exchange, Farmers Insurance Company of Arizona, incorrectly sued herein as Farmers Insurance of Arizona, and Mid-Century Insurance Company respectfully request that this Court:

1. Enter judgment dismissing the Complaint against them;

2. Deny the demands and prayer for relief contained in the Complaint;

3. Award Defendants their costs, including reasonable attorney's fees, incurred in the defense of this action as provided for by applicable law; and

4. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

By: _____
STACY ALLEN *(pro hac vice)*
Texas State Bar No. 24034185
MARILYN BROWN *(pro hac vice)*
Texas State Bar No. 24046460
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, TX  78701
Telephone:  (512) 236-2000
Facsimile:  (512) 236-2002
Email:  stacyallen@jw.com
Email:  mbrown@jw.com

BRIAN K. NICHOLS
New Mexico State Bar No. 19236
KEVIN D. PIERCE
New Mexico State Bar No. 138289
MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.
500 4th St. NW, Suite 1000
Albuquerque, NM  87102
Telephone:  (505) 848-1800
Facsimile:  (505) 848-2052
Email:  bkn@modrall.com
Email:  kdp@modrall.com

ATTORNEYS FOR DEFENDANTS FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY OF ARIZONA AND MID-CENTURY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case, and further sent a copy via e-mail as indicated below

| | |
|---|---|
| Jared M. Barliant<br>Jared M. Barliant & Associates, P.C.<br>2904 Rodeo Park Dr., East, Bldg. 400<br>Santa Fe, NM  87505<br>Email:  jmbarliant@gmail.com | Bill Horton<br>Caddell Reynolds, PA<br>P.O. Box 184<br>Fort Smith, AR  72902<br>E-mail: bhorton@justicetoday.com |
| | Hank Bates<br>Randall K. Pulliam<br>Carney Bates & Pulliam, PLLC<br>519 W. 7th Street<br>Little Rock, AR  72201<br>E-mail: hbates@cbplaw.com<br>E-mail: rpulliam@cbplaw.com |

_/s/ Stacy Allen_

Stacy Allen